The judgment of the court was pronounced by
Slidell, J.
This is an action to annul a judgment rendered against Barnes, in the suit of Profilet v. Barnes, on the ground that he was never cited in the cause, and that Freeman, who assumed to appear for him as his attorney in fact, had no authority to do so. The question presented is the authority of Freeman to represent him in the suit. If he was without such authority, it follows that the judgment is void.
It appears that the suit of Profilet v. Barnes, was an action to recovor damages for the unlawful issuing of an attachment in the suit of Freeman for the use of Barnes v. Profilet. The latter case is reported in 11 Rob. 33. It was an action by attachment upon a bill of exchange against Profilet as endorser. There was atrial upon the merits, and judgment in favor of Profilet, upon the ground that he, as endorser, had been discharged by the giving of time without his consent to the maker. The draft belonged to Barnes, and the authority of Freeman to bring the suit is conclusively shown by a letter of Barnes addressed during its pendency to the attorney at law employed by Freeman, instructing him to pay the money, when collected, to Freeman. He speaks of Freeman as “my agent in New Orleans, who is fully authorised to sign my name to any receipt for monies received.”
It is contended, that from the authority conferred upon Freeman to bring and prosecute the attachment suit against Profilet, there arose, by implication, an authority to appear for Barnes and defend him in the suit for damages, it being the direct consequence of the first suit. It may bo conceded, that under the authority to bring that suit, Freeman was clothed with all such powers as were necessary and proper for carrying that authority, so given, into full effect. But *118 we are unable to understand how from the power to collect a debt can be deduced an authority, after that power has been fully and finally exercised, to bring the principal into a court of justice for the purpose of enabling another to enforce a liability against him.
It must be observed, that the power to appear for another as defendant in a cause, involves consequences of an extremely grave character. The result may be a judicial mortgage of the principal’s whole estate, and a judicial sale of all his property, real and personal. Now, it is true, that the legal liability for damages was created by an act of the agent within the scope of his authority ; but because Freeman had authority to create that liability in favor of Profilet, can it be pretended that he would afterwards have had authority to execute in favor of Profilet a mortgage or a sale of Barnes' lands to secure or pay that liability 1 Clearly not. To do so, an express authority would have been necessary. Civil Code, 2966. See also Fuselier v. Robin, 4th Ann. 61.
It is conceded that the written power of attorney which Freeman held, did not authorise him to appear and defend in the suit brought by Profilet; and we are unable to discover in the instrument by which Freeman’s agency was revoked, any thing which establishes the previous existence of such authority.
It is said that the present action is brought at the instigation of Zuntz, whose power of attorney from Barnes is not sufficiently comprehensive to authorise him to institute this suit, and therefore there has been no disavowal by Barnes of Freeman’s acts. Barnes is stated in the petition to be a citizen of North Carolina, and the affidavit for injuncion appended to the petition, is made by Zuntz as his agent, who deposes that his principal is a non-resident and absent. But the petition is in the name of Barnes as plaintiff, and is signed by a member of the bar as his attorney.
The attorney’s authority must be presumed until disproved. Hayes v. Curry, 9 Mart. 88. Dangerfield’s Executor v. Thurston, 8 N. S. 234. Conrey v. Brenham, 1st Ann. 398.
It is therefore decreed, that the judgment of the district court be reversed; and it is further decreed, that the judgment rendered by the Third District Court of New Orleans, in the suit entitled E. Profilet v. George W. Barnes et al., being No. 16,886 of the records of said court, be and the same is hereby declared null and void, so far as the same affects the said George W. Barnes ; and that the costs of this suit in both courts, be paid by the said defendant Emile Profilet.